**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN FERRUGGIA, | Civil Action No.: 05-5992 (JLL) |
| Plaintiff, | **OPINION** |
| v. | |
| SHARP ELECTRONICS CORPORATION, | |
| Defendant. | |

**LINARES**, District Judge.

This matter comes before the Court on the motion for reconsideration filed by Sharp Electronics Corporation ("Sharp").  This Court has considered the submissions in support of and in opposition to the motion and decides the matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure.  For the reasons discussed herein, the Court denies Sharp's motion.

## I.      BACKGROUND

This case arises from the termination of Mr. Ferruggia's employment with Sharp.  On December 3, 2008, Sharp filed a motion for summary judgment seeking dismissal of Mr. Ferruggia's claims related to his termination.  This Court denied Sharp's motion finding that "Mr. Ferruggia has pointed to sufficient evidence to demonstrate that a genuine issue of material fact exists as to whether Mr. Yadav[, a younger retained employee, and Mr. Ferruggia] were similarly situated" and "whether Sharp's reasons for terminating Mr. Ferruggia were pretextual."

In light of the Supreme Court's recent decision in Gross v. FBL Financial Services, Inc., 129 S. Ct. 2343 (2009), Sharp presently seeks reconsideration of this Court's denial of summary judgment.

## II.    LEGAL STANDARD

"Reconsideration is an extraordinary remedy" and should be "granted 'very sparingly.'" See L.Civ.R. 7.1(I) cmt.6(d); see also Fellenz v. Lombard Investment Corp., Nos. 04-3993, 04-5768, 04-3992, 04-6105, 2005 WL 3104145, at *1 (D.N.J. Oct. 18, 2005). A motion for reconsideration must "set[] forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." L.Civ.R. 7.1(I). A motion for reconsideration may be granted if an intervening change in the controlling law has occurred." See North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1219 (3d. Cir. 1995).

## III.    DISCUSSION

Sharp asserts that Gross represents a change in law, that it "addressed the proper framework for analyzing claims under the Age Discrimination in Employment Act ("ADEA")." (Ltr. Br. in Supp. of Sharp's Mot. for Reconsideration, at 1 [hereinafter "Br."].) It further asserts that "the Supreme Court rejected the underlying notion that Title VII burden-shifting schemes could be applied to ADEA cases under any circumstances." (Id. at 10.) Thus, Sharp argues that "it is clear that the plaintiff in an ADEA case at all times retains the burden of persuasion to establish that age was the 'but-for' cause of the employer's adverse action." (Ltr. Reply in Supp. of Sharp's Mot., at 4 [hereinafter "Reply"].) Sharp argues that, using the Gross framework, this Court improperly shifted the burden of *proof* in its decision, and that, using the proper standard, summary judgment clearly should be granted. (Id. at 6-7, 9.) This Court finds that Sharp

misconstrues both the holding in <u>Gross</u> and its application to this case as well as this Court's summary judgment holding and analysis.

The question presented in <u>Gross</u> was "whether a plaintiff must present direct evidence of age discrimination in order to obtain a mixed-motives jury instruction in a suit brought under the Age Discrimination in Employment Act of 1967 (ADEA)." <u>Gross</u>, 129 S. Ct. at 2346.  However, rather than answering that question, the Court found that it "must first determine whether the burden of *persuasion* ever shifts to the party defending an alleged mixed-motives discrimination claim brought under the ADEA." <u>Id.</u> at 2348 (emphasis added).  The Court held that it does not, stating that "[t]his Court has never held that [the <u>Price Waterhouse</u>] burden-shifting framework applies to ADEA claims." <u>Id.</u> at 2348-49.  In <u>Price Waterhouse</u>, the Court held that the burden of *persuasion* shifts in mixed motive Title VII claims. <u>See id.</u> at 2351; <u>Price Waterhouse v. Hopkins</u>, 490 U.S. 228, 246 & n.11 (1989) ("[T]he plaintiff must persuade the fact finder on one point, and then the employer, if it wishes to prevail, must persuade it on another"–"both the plaintiff and defendant bear a burden of proof in cases such as this one.").  The <u>Gross</u> Court further held that "the burden of *persuasion* necessary to establish employer liability is the same in alleged mixed-motives cases as in any other ADEA disparate-treatment action . . .[–a] plaintiff must prove by a preponderance of the evidence (*which may be direct or circumstantial*), that age was the 'but-for' cause of the challenged employer decision." <u>Gross</u>, 129 S. Ct. at 2351 (emphasis added).  But, the Court also noted that "[t]here is no heightened evidentiary requirement for ADEA plaintiffs to satisfy their burden of persuasion." <u>Id.</u> at 2351 n.4.  With respect to the appropriate *evidentiary framework*, the Court noted that it "has not definitively decided whether the evidentiary framework of <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792

(1973), utilized in Title VII cases is appropriate in the ADEA context." Id. at 2349 n.2.

The issue here is the appropriate framework for an ADEA claim for purposes of a summary judgment motion where circumstantial evidence is presented, an issue not addressed by the Gross Court. In the Third Circuit, the appropriate framework for ADEA claims in such circumstances is set forth in Fuentes v. Perskie, 32 F.3d 759, 763 (3d Cir. N.J. 1994). See Torre v. Casio, Inc., 42 F.3d 825, 829-30 (3d Cir. 1994) (apply Fuentes in an ADEA case). In Fuentes, the Third Circuit applied the McDonnell Douglas framework in determining the burden of *production* of the parties. 32 F.3d at 763. The Court also held that "[a]t trial, the plaintiff must convince the factfinder 'both that the reason was false, and that discrimination was the real reason.'" Id. But, "[t]o prevail at trial, the plaintiff must prove not that the illegitimate factor was the sole reason for the decision, but that the illegitimate factor was a determinative factor in the adverse employment decision, that is, that *but for* the protected characteristic, the plaintiff would have been hired (or promoted)." Id. at 764 (emphasis added). Thus, the Court in Fuentes and Torre held that *at trial* the plaintiff bears the ultimate burden of *persuasion* to prove that the impermissible motive (age in this case and Torre) was the but-for cause of the adverse employment action. This position is consistent with Gross.

For purposes of a summary judgment motion, the Fuentes Court, on the other hand, held that if a plaintiff sets forth a prima facie case of discrimination, then a "plaintiff must point to some evidence, *direct or circumstantial*, from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; *or* (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." Id. (emphasis added). "Thus, if the plaintiff has pointed to evidence

sufficiently to discredit the defendant's proffered reasons, to survive summary judgment the plaintiff need not also come forward with additional evidence of discrimination beyond his or her prima facie case." Id.    As explicitly stated in Gross, the Supreme Court's decision did not decide whether this evidentiary framework, related to the burden of *production*, was appropriate in ADEA cases, much less whether it was appropriate for purposes of a summary judgment motion; the Gross decision was focused on the burden of *persuasion* at trial.

The majority of courts that have addressed this issue post-Gross continue to apply the McDonnell Douglas framework at the summary judgment stage while also recognizing that at trial the plaintiff bears the burden of persuasion to prove that discrimination was the but for cause of the adverse employment action.  See, e.g., Carlson v. Twp. of Lower Alloways Creek, No. 06-3779, 2009 U.S. Dist. LEXIS 70700, at *24 (D.N.J. Aug. 12, 2009) (citing Fuentes); Glenn v. Bair, No. 07-2195, 2009 U.S. Dist. LEXIS 69876, *13-14 (D.D.C. Aug. 10, 2009) (citing Gross and applying the "three-part burden-shifting analysis known as the McDonnell Douglas framework"); Poalillo v. Specialty Floorings Sys., No. 08-5819, 2009 U.S. Dist. LEXIS 68627, at *6-7 (E.D. Pa. Aug. 5, 2009) (citing Fuentes & Gross); Butler v. La. Dep't of Health & Hosps., No. 07-723, 2009 U.S. Dist. LEXIS 66664, *16 & nn. 29-30 (M.D. La. July 31, 2009); Jackson v. Lakewinds Natural Foods, No. 08-398, 2009 U.S. Dist. LEXIS 65273, *10 & n.4 (D. Minn. July 28, 2009); Hill v. Augusta County Sch. Bd., No. 08cv00061, 2009 U.S. Dist. LEXIS 61781, *6-7 (W.D. Va. July 17, 2009) (citing Gross and applying McDonnell Douglas in deciding the summary judgment motion); Baron v. New York City Dep't of Educ., No. 06-CV-2816, 2009 U.S. Dist. LEXIS 57515, at *12 n.1 (E.D.N.Y. July 7, 2009) ("The Supreme Court 'has not definitively decided whether the evidentiary framework of McDonnell Douglas . . . is appropriate

in the ADEA context.' <u>Gross v. FBL Fin. Servs., Inc.</u>, 129 S. Ct. 2343, 2349 n.1, 174 L. Ed. 2d

119 (2009). The Second Circuit has, however, and <u>Gross</u>–which held that the plaintiff in an

ADEA case must prove at trial 'that age was the but-for cause of the challenged adverse

employment action,' <u>id.</u> at 2352–in no way calls cases like <u>D'Cunha</u> into question."); <u>Miller v.</u>

<u>Hartford Fire Ins. Co.</u>, No. 07-CV-943, 2009 U.S. Dist. LEXIS 58606, *17 n.4 (D. Conn. July 2,

2009); <u>Misner v. Potter</u>, No. 07-CV-330, 2009 U.S. Dist. LEXIS 55147, *5 n.2 (D. Utah June 26,

2009) ("The court notes that the Supreme Court has recently issued an opinion discussing the

burden of persuasion under the ADEA, <u>Gross v. FBL Fin. Servs., Inc.</u>, 557 U.S. ___, 129 S. Ct.

2343, 2009 WL 1685684 (2009). The court does not understand <u>Gross</u> as altering the use of the

<u>McDonnell Douglas</u> framework at summary judgment on ADEA cases."); <u>Smith v. Napolitano</u>,

No. 07-1045, 2009 U.S. Dist. LEXIS 53504, at *13 (D.D.C. June 22, 2009).

      Sharp, on the other hand, states that "[a]t least two District Courts have recognized that it

is questionable at best to apply the <u>McDonnell-Douglas</u> burden-shifting analysis to ADEA cases

in [the] wake of the <u>Gross</u> decision."  (Reply at 2.)  Sharp points to <u>Woehl v. Hy-Vee, Inc.</u>, No.

08-cv-00019, 2009 U.S. Dist. LEXIS 61650 (S.D. Iowa July 10, 2009), and <u>Wagner v. Geren</u>,

No. 08CV208, 2009 U.S. Dist. LEXIS 58636 (D. Neb. July 9, 2009).  However, aside from the

fact that such a view appears to be in the minority, neither court actually held the <u>McDonnell</u>

<u>Douglas</u> framework inapplicable.  In <u>Woehl</u>, the court recognized that the Supreme Court did not

decide whether the <u>McDonnell-Douglas</u> framework was applicable in ADEA cases.  2009 U.S.

Dist. LEXIS 61650, at * 13.  Additionally, it specifically said that it need not reach the issue

because "[r]egardless of whether or not the burden-shifting analysis of <u>McDonnell-Douglas</u> is

applicable, Woehl's claims fail to survive summary judgment."  <u>Id.</u>  Likewise in <u>Wagner</u> the

court held that "[w]hile it is unclear whether the McDonnell Douglas Title VII evidentiary analysis applies to discrimination claims under the ADEA . . ., it need not address that issue, because Wagner has not presented sufficient evidence from which a reasonable finder of fact could conclude that his age was the 'but-for' cause of any adverse employment action." 2009 U.S. Dist. LEXIS 58636, at * 14-15. Therefore, since Gross did not clearly overrule the Third Circuit framework, including application of the McDonnell Douglas framework in addressing ADEA claims on summary judgment, this Court must apply the framework as previously applied by the Third Circuit, as it did in its June 17, 2009, summary judgment Opinion. This Court did not shift the burden of *proof* to Sharp. Rather, it applied the McDonnell Douglas evidentiary framework to determine if Mr. Ferruggia had put forth sufficient evidence to demonstrate that a genuine issue of material fact existed, which it so found.

In addition to Sharp's argument that this Court applied an incorrect standard in light of Gross, it also argues that the facts presented by Mr. Ferruggia were not sufficient to show that a genuine issue of material fact exists. Although framed in terms of an intervening change in law, these arguments really appear to be merely a disagreement with the Court's factual findings–not a sufficient argument for a motion for reconsideration. Sharp states that "the Court's ruling in this case was predicated on a single fact: that, after his layoff, some of plaintiff's duties were assigned to a younger employee." (Br at 11.) It also states that the Court incorrectly stated the facts. (Id.)

First, the Court's holding, as explicitly stated in its Opinion, was based on more than the fact that some of Mr. Ferruggia's duties were assigned to a younger employee, Mr. Yadav. The Court found:

[T]he parties hotly dispute the specific job functions of [Mr. Ferruggia and Mr.

Yadav] prior to the RIF, with Mr. Ferruggia testifying that there was significant similarity.  In addition, Mr. Ferruggia has testified that he was asked to train Mr. Yadav, Mr. Pollack testified that he saw Mr. Ferruggia and Mr. Yadav working together on many occasions, Mr. Yadav was promoted almost simultaneously with Mr. Ferruggia's termination, and Sharp admits and other testimony supports that Mr. Yadav assumed up to 75% of Mr. Ferruggia's job functions that were reassigned after his termination.

Additionally, with respect to whether any evidence could support a finding that Sharp's proferred reason for terminating Mr. Ferruggia, that his position was redundant and he was terminated as part of an economic driven reduction-in-force, was pretextual, this Court found that the reassignment of a majority of his job functions to other employees "could undercut its redundancy argument."  The Court did note that Sharp had presented evidence that could support its position, but found that "as the Third Circuit noted in <u>Torre</u>, the point at the summary judgment stage is not whether there is evidence which may support Sharp's proffered reason, but whether there is an absence of evidence from which a factfinder could determine that such reason should not be credited."  Contrary to Sharp's argument, this statement does not shift the burden of proof to Sharp–it does not even shift the burden of production to Sharp.  It places the burden of production on the plaintiff, but states that once the plaintiff has come forward with evidence which could discredit the proffered reason, summary judgment is not appropriate even if there is also evidence supporting the defendant's position.  In other words, if both Mr. Ferruggia and Sharp have evidence to support their positions, a genuine issue of material fact exists and summary judgment should be denied.

Finally, with respect to Sharp's assertion that the Court relied on incorrect facts, this Court finds the assertion without any basis.  Sharp asserts that "[t]he Court . . . notes (incorrectly) that this younger employee[, Mr. Yadav,] was promoted almost simultaneously [with Mr.

Ferruggia's termination]."  (Br. at 11.)  Sharp asserts that Mr. Ferruggia's  "last day of employment was November 3, 2003, and Mr. Yadav was not promoted until more than two years later."  (Id. at 6 n. 3 (citing Reply Facts, No. 21).)  As *quoted* in this Court's June 17 Opinion, Sharp, in its Reply Facts submitted in connection with its summary judgment motion, stated: "On November 1, 2003, Mr. Yadav was *promoted* to Associate Manager, a Grade 16 position, and his base salary was increased from $53,636.05 to $57,000."  (Reply Facts ¶ 22 (emphasis added).)  Thus, Mr. Yadav was promoted two days before Mr. Ferruggia was terminated.  The Court acknowledges that Mr. Yadav was also promoted to a higher level two years later, but that promotion was not relied on by the Court.  Therefore, Sharp also has not pointed to any facts overlooked or incorrectly stated by this Court in its June 17 Opinion; Sharp's motion for reconsideration is denied.

## IV.   CONCLUSION

For the foregoing reasons, this Court denies Sharp's motion for reconsideration.  An appropriate Order accompanies this Opinion.

DATED: August 25, 2009          /s/ Jose L. Linares
                                JOSE L. LINARES
                                UNITED STATES DISTRICT JUDGE